Aaron Brown, SBN 277981
Dmitriy Aristov, SBN 298467
CALIFORNIA TRIAL TEAM P.C.
444 W. Ocean Blvd., Suite 1750
Long Beach, CA 90802
562-495-8405
aaron@caltrialteam.com
daristov@caltrialteam.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| VICKIE MONK, Plaintiff<br><br>v.<br><br>PRINCESS CRUISE LINES, LTD.,<br>Defendant | Case: 2:20-cv-00179<br><br>COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL |
|---|---|

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, VICKIE MONK, by and through undersigned attorney, and sues the Defendant, PRINCESS CRUISE LINES, LTD., ("PRINCESS") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for personal injuries, the value of which exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.  The injury giving rise to this action occurred while Plaintiff was a fare paying passenger aboard a cruise ship operating on navigable waters.  Federal subject matter jurisdiction arises under and is by virtue of alienage-diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), as well as admiralty jurisdiction under 28 U.S.C. § 1333 and the general maritime law of the United States.

2. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because Defendant PRINCESS CRUISE LINES, LTD. is a foreign corporation with its principal place of business in Los Angeles County, California. This action is being pursued in

this Court, as opposed to State court as otherwise allowed by the Savings to Suitors Clause under 28 U.S.C. § 13333, as Defendant PRINCESS CRUISE LINES, LTD. unilaterally inserts a mandatory forum selection clause in the terms of its passage contract requiring that all passenger disputes "shall be litigated before the United States District Courts for the Central District of California in Los Angeles."

**GENERAL ALLEGATIONS**

3. That at all times material hereto, the Plaintiff, VICKIE MONK, has been a resident of Glendale, Arizona.

4. That at all times material hereto, the Defendant, PRINCESS, was a foreign corporation with its principal place of business in the state of California, the County of Los Angeles, and this judicial district; and was the owner are operator of a fleet of passenger cruise vessels, one of which was the Emerald Princess ("vessel"), a foreign flag passenger cruise vessel which Defendant utilized to transport fare paying passengers on cruises on navigable waters of the United States and on the high seas.

5. That on or about 01/31/2019, the Plaintiff was a passenger on said cruise vessel.

6. That Ms. Monk was stepping down stairs onto Deck 7 of the vessel. The deck was wet, which caused Ms. Monk to slip and fall, resulting in injuries to Ms. Monk's person.

7. That as a result of the fall, the Plaintiff suffered serious injuries, including but not limited to the following:
   - Left knee lateral meniscus displaced tear and chondromalacia, required surgery on 9-5-19.
   - Left ankle fractures to distal left fibula and posterior malleolus.
   - Left hip injury.

8. As the owner and operator of the vessel, Defendant had the duty to use reasonable care under the circumstances to avoid causing injury to the Plaintiff. Defendant had a further duty to warn plaintiff of any dangerous conditions which were known to it or could have been known to it by reasonable inspection.

COMPLAINT FOR DAMAGES
2

9. On or about the above-mentioned date, Defendant breached its duty of care to Plaintiff, and as part of a continuous course of conduct, so negligently owned, operated, maintained, controlled, supervised and inspected the vessel, its gear and equipment, so as to cause its vessel to be in a dangerous, unsafe, and defective condition, and negligently:

   (a) Failed to provide a safe place for passengers to walk;
   (b) Failed to maintain the deck in a reasonably safe condition;
   (c) Failed to reasonably inspect the deck;
   (d) Failed to adequately monitor the condition of the deck;
   (e) Allowed the deck to be wet and slippery;
   (f) Failed to provide adequate warnings to the Plaintiff;
   (g) Allowed the unsafe condition of the stairs to exist after defendant knew or should have known of the unsafe condition and failed the take adequate remedial action;
   (h) Failed to provide any slip resistant surface.
   (i) Failed to close the unsafe walkway.

10. As a direct and legal result of the incident alleged herein Plaintiff was hurt and injured in Plaintiff's health, strength and activity, sustaining severe physical injury to Plaintiff's body, including but not limited to the injuries describe above, and shock and injury to Plaintiff's nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain and suffering, causing general damages in an amount within the jurisdictional requirements of this court.

11. As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff to receive medical care and treatment. Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary for an indefinite time in the future.  The cost of medical care and treatment is not known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

**PRAYER**

WHEREFORE, Plaintiff prays for damages against defendant as follows:

1. For general damages according to proof;
2. For medical expenses, past and future, according to proof;
3. For loss of earnings, according to proof;
4. For prejudgment interest;
5. For costs of suit; and,
6. For other such relief as the Court may deem proper

**DEMAND FOR JURY TRIAL**

Plaintiff VICKIE MONK hereby demands trial by jury of the above captioned matter.

Dated: 01/07/2020        CALIFORNIA TRIAL TEAM P.C.

/r/ Aaron Brown

---

Aaron Brown
Dmitriy Aristov
Attorneys for Plaintiff